UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X   NOT FOR PUBLICATION
EARL WRIGHT,

                Plaintiff,         **MEMORANDUM**
-against-                           **AND ORDER**
                                          09-CV-2452 (CBA) (LB)
CITY OF NEW YORK, et al.,

                Defendants.
----------------------------------------------------------X
AMON, J.

On April 14, 2009, plaintiff Earl Wright, incarcerated at the George Motchan Detention Center on Rikers Island, filed this pro se action pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights. On October 13, 2009, plaintiff filed an Amended Complaint and attached thereto an Order to Show Cause for Preliminary Injunction and Temporary Restraining Order seeking to enjoin defendants' use of his DNA sample he alleges was obtained illegally. By order dated October 20, 2009, the Court denied plaintiff's Order to Show Cause. On December 18, 2009, plaintiff filed a similar Order to Show Cause "enjoining defendant from the pendency of this action from using any and all D.N.A. collected from plaintiff specifically but not limited to indictment #1427/08 that is presently pending before the Supreme Court Queens County."

"A party seeking a preliminary injunction ordinarily must show: (1) a likelihood of irreparable harm in the absence of the injunction; and (2) either a likelihood of success on the merits or sufficiently serious questions going to the merits to make them a fair ground for litigation, with a balance of hardships tipping decidedly in the movant's favor." Doninger v. Niehoff, 527 F.3d 41, 47 (2d Cir. 2008) (citation omitted). In the Second Circuit, the standard for a temporary restraining order is the same as for a preliminary injunction. See, e.g., Local 1814, Int'l Longshoremen's Ass'n, AFL-CIO v. New York Shipping Ass'n, Inc, 965 F.2d 1224, 1228

(2d Cir. 1992) (citation omitted). A temporary restraining order, like a preliminary injunction, is a drastic remedy that will not be granted lightly. See, e.g., Borey v. National Union Fire Ins. Co., 934 F.2d 30, 33-34 (2d Cir. 1991).

Despite the submission of additional documents from state court related to his criminal prosecution, plaintiff again fails to make the requisite showing for such relief, i.e., plaintiff has neither demonstrated a likelihood of success on the merits nor made a showing of irreparable harm. See Wright, No. 09-CV-2452, slip op. (E.D.N.Y. Oct. 20, 2009) (denying plaintiff's prior order to show cause seeking the same relief).

Accordingly, plaintiff's proposed Order to Show Cause is denied. The Court's order of referral to Magistrate Judge Bloom for report and recommendation on plaintiff's Order to Show Cause for Preliminary Injunction and Temporary Restraining Order filed December 18, 2009, is vacated.

SO ORDERED.

Dated:   Brooklyn, New York
         January 6 , 2010

/Signed by Judge Amon/
Carol Bagley Amon
United States District Judge