UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
EARL WRIGHT,

                              Plaintiff,

        -against-

NEW YORK CITY, NEW YORK CITY POLICE
DEPARTMENT, POLICE OFFICER DAVID H.
MILLER, JOHN DOE #2, POLICE OFFICER
N.Y.C. P.D.,

                        Defendants.
----------------------------------------------------------X

NOT FOR PUBLICATION
**MEMORANDUM & ORDER**
09-cv-2452 (CBA)

**AMON, Chief United States District Judge**.

### *INTRODUCTION*

On February 25, 2011, this Court referred defendants New York City and Police Officer David H. Miller's Motion for Summary Judgment to Magistrate Judge Lois Bloom. Before the Court is Judge Bloom's Report and Recommendation on that Motion. For the reasons that follow, the Court adopts the conclusions and, to the extent consistent with this Memorandum, the reasoning of the R & R.

### *DISCUSSION*

*I.    Standard of Review*

The Court reviews those portions of the R & R to which a party has objected de novo and reviews those portions not objected to for clear error. *Larocco v. Jackson*, 2010 WL 5068006, at *2 (E.D.N.Y. 2010). A District Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

1

## II. Plaintiff Wright's Objections[1]

Plaintiff Earl Wright's Complaint alleges that his constitutional rights were violated when defendants took a sample of his DNA. Judge Bloom found that the defendants were entitled to qualified immunity on Wright's Fourth Amendment claim; that Wright could not establish municipal liability against the City of New York; that Wright's "only claimed injuries are tethered to his conviction and imprisonment" and thus barred by *Heck v. Humphrey*, 512 U.S. 477 (1994) and *Townes v. City of New York*, 176 F.3d 138 (2d Cir. 1999); and that Wright is not entitled to further discovery. She further recommended that this Court consider independently granting summary judgment on Wright's remaining claims, upon which defendants neglected to move for dismissal. Wright filed objections to the R & R.

### A. Qualified Immunity

Wright argues that Miller should not be entitled to qualified immunity. He appears to challenge Judge Bloom's findings both that (a) Miller did not violate a clearly established constitutional right; and (b) Miller reasonably believed that his conduct was lawful. Because Wright has objected, the Court's review is de novo.

To analyze a defendant's entitlement to qualified immunity, the court must determine (a) "whether the facts, taken in the light most favorable to the party asserting an injury, show a violation of a constitutional right"; and (b) "whether the constitutional right was clearly established such that the contours of the right are sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Holeman v. City of New London*, 425 F.3d 184, 189 (2d Cir. 2005) (quoting *Saucier v. Katz*, 533 U.S. 194, 201-06 (2001)). If the Court answers

---

[1] Any portions of the R & R to which Wright has not objected have been reviewed and the Court has found no clear error. Accordingly, it adopts those portions of the R & R.

either of these questions in the negative, the defendant is immune. The Court may consider the questions in either order. *Pearson v. Callahan*, 555 U.S. 223, 227 (2009).

This case concerns New York's DNA Index statute, N.Y. Exec. Law § 995, *et seq*, from which Miller purportedly drew authority to take Wright's DNA sample. That statute directs officers to take a DNA sample from individuals who commit certain crimes, but it does not apply retroactively. Thus, for the statute to apply, the offender must either (a) be convicted after the offense is added to the DNA Index statute or (b) still be serving his sentence for the offense when it is added to the DNA Index statute.

Wright was convicted of second degree robbery, an offense covered by the DNA statute, in 1990. The charge was later reduced, however, to third degree robbery, an offense that was not at the relevant time covered by the statute. The problem is that Wright's rap sheet was never adjusted to reflect this. Accordingly, when he was arrested in 2007 for another crime, defendants looked at his rap sheet, saw the second degree robbery conviction, and, thinking that the DNA statute applied, took a DNA sample.

Miller contends that he is entitled to qualified immunity because he reasonably relied on Wright's rap sheet to determine that he could lawfully take a DNA sample. In the Fourth Amendment context, "the relevant question . . . is . . . whether a reasonable officer could have believed [his action] to be lawful, in light of clearly established law and the information the searching officers possessed." *Anderson v. Creighton*, 483 U.S. 635, 638 (1987). Three of this Circuit's holdings establish that Miller has satisfied this standard. First, the Second Circuit has upheld New York's DNA Index program against Fourth Amendment attack under the Supreme Court's "special needs" doctrine. *See Nicholas v. Goord*, 430 F.3d 652, 668 (2d Cir. 2005). Second, the Circuit has held that where an officer believes he is acting pursuant to such a "special

needs" program, "[i]f such belief was reasonable, qualified immunity protects them from liability, even if that belief was mistaken." *Moore v. Vega*, 371 F.3d 110, 117 (2d Cir. 2004). And third, the Second Circuit has upheld as reasonable officers' reliance on computerized criminal history databases. *See Caceres v. Port Authority*, 631 F.3d 620, 623 (2d Cir. 2011).

Here, it is undisputed that Miller relied on Wright's rap sheet when he took Wright's DNA sample. It is also undisputed that Wright's rap sheet included an offense covered by the DNA statute. There is nothing in the record to suggest that Miller should have known that the rap sheet might be inaccurate. Accordingly, based on the information known to Miller at the time and in light of clearly established law, a reasonable officer would have believed that his action did not violate Wright's constitutional rights. This is sufficient to establish qualified immunity.

*B. Damages*

Judge Bloom also recommended that the Court dismiss Wright's claims to the extent they seek damages for his conviction and incarceration, citing *Heck v. Humphrey*, 512 U.S. 477 (1994), and *Townes v. City of New York*, 176 F.3d 138 (2d Cir. 1999). Wright objects that he does not assert such a claim at this time, apparently because he wishes to preserve his right to seek damages for his conviction and incarceration later should his conviction be "reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus," *see Heck v. Humphrey*, 512 U.S. 477, 489 (1994).

Wright need not worry about this prejudice. The upshot of *Heck* and *Townes* is that "a § 1983 plaintiff who does not allege the elements of a common law malicious prosecution claim cannot recover" for "damages relating to his conviction and incarceration." *Townes*, 176 F.3d at 149. As Judge Bloom noted, Wright did not raise a malicious prosecution claim. R & R at 13, n.5. He therefore need not worry that dismissal of such a claim will prejudice it later. Wright

4

does not object to any other aspects of Judge Bloom's discussion regarding damages. Finding that discussion correct, the Court hereby adopts its conclusions and analysis.

*C. Municipal Liability*

Wright next objects to Judge Bloom's finding that he cannot establish a claim for municipal liability against the City of New York. He argues that his DNA was taken as a result of an official policy or custom, namely a New York Police Department Interim Order, *Opp.* exh. D, which prescribes certain procedures for identifying offenders from which to take a DNA sample. Because the Order instructs officers to rely on rap sheets, Wright claims, it is responsible for constitutional violations that occur when the rap sheet is incorrect.

In order to state a claim, however, Wright would need to demonstrate that the violation of his rights was a direct result of this policy or custom. *See Board of County Comm'rs of Bryan County, Okl. v. Brown*, 520 U.S. 397, 403 (1997). And even assuming that Wright's constitutional rights were violated, it is the fact that the rap sheet contained inaccurate data that caused this violation, not the fact that defendants relied upon it. Wright does not, of course, allege that New York City has a policy or custom of entering inaccurate data in its criminal history databases. Nor is there any suggestion that rap sheets are so frequently inaccurate that the N.Y.P.D. Interim Order amounts to willful blindness to the possibility of a constitutional violation. Wright therefore cannot state a claim for municipal liability.

*D. Remaining Claims and Request for Additional Discovery*

Having dismissed all Fourth Amendment claims against defendants Miller and City of New York, what remains are Fourth Amendment claims against the New York Police Department and what appear to be two unknown police officers and claims purportedly arising under the Fifth, Eighth, Ninth, Tenth, and Fourteenth Amendments against all defendants. Defendants Miller

5

and City of New York did not move for summary judgment on any of these remaining claims. Judge Bloom recommended that this Court consider granting summary judgment on them independent of the motion, pursuant to Fed. R. Civ. P. 56(f).

To the extent the NYPD has not been formally dismissed from this action, *see* Order of Magistrate Judge Bloom, DE 17 (Oct. 14, 2009), the Court dismisses all claims against it because it is a non-suable entity. *See Morris v. New York City Police Dep't*, 59 Fed App'x 421, 422 (2d Cir. 2003). The Court also dismisses any claims purportedly arising under the Ninth and Tenth Amendments because those provisions do not guarantee private rights enforceable through 18 U.S.C. § 1983. Lastly, the Court agrees with Judge Bloom that even if other officers involved in the DNA sampling were identified, they would be shielded by qualified immunity from any Fourth Amendment claim, just as Miller is. Accordingly, Wright's Fourth Amendment claims against unknown officers are dismissed. *See* 28 U.S.C. § 1915(e) (directing courts to dismiss frivolous actions in cases in which the plaintiff is proceeding in forma pauperis).

As to the alleged violations of the Fifth, Eighth, and Fourteenth Amendments, the parties are directed to submit supplemental briefing so that the Court may consider whether summary judgment is appropriate. For this reason and those set forth by Judge Bloom, the Court finds that it would be inappropriate to conduct additional discovery at this time. Moreover, the Court agrees that at this time no purpose would be served by a *Valentin* order demanding the identities of other Police Officers present when the DNA sample was taken. Defendants are hereby ordered to provide supplemental briefing within thirty (30) days of the issuance of this order, addressing whether this Court should dismiss Wright's Fifth, Eighth, and Fourteenth Amendment claims. Any response to this filing should be submitted by Wright within thirty (30) days thereafter.

## *CONCLUSION*

For the reasons set forth above and those stated in Judge Bloom's R & R, defendants David Miller and New York City's Motion for Summary Judgment as to Plaintiff Wright's Fourth Amendment claims is hereby granted. The Court further dismisses, on its own motion, all claims against the New York City Police Department and all claims under the Ninth and Tenth Amendments as to all defendants. The Court orders supplemental briefing as to the remaining claims in this action on the schedule set forth above. Lastly, the Court denies Wright's request for further discovery at this time. The Clerk of Court is directed to enter judgment accordingly.

SO ORDERED.

Dated: Brooklyn, N.Y.
September 29, 2011

/s/
Carol Bagley Amon
Chief United States District Judge