09 CV 2452 (CBA) (LB)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

EARL WRIGHT,

Plaintiff,

-against-

NEW YORK CITY, NEW YORK CITY POLICE
DEPARTMENT, POLICE OFFICER DAVID H. MILLER,
JOHN DOE #2, POLICE OFFICER N.Y.C. P.D.,

Defendants.

## DEFENDANTS' SUPPLEMENTAL MOTION IN FURTHER SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT

*MICHAEL A. CARDOZO*
*Corporation Counsel of the City of New York*
*Attorney for Defendants City of New York and*
*David H. Miller*
*100 Church Street, Room 3-135*
*New York, N.Y. 10007*
*Of Counsel: Andrew Myerberg*
*Tel: (212) 788-0869*

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES .................................................................................................. ii

PRELIMINARY STATEMENT ............................................................................................ 1

STATEMENT OF FACTS ..................................................................................................... 3

STANDARD OF REVIEW .................................................................................................... 3

ARGUMENT ......................................................................................................................... 4

    POINT I ............................................................................................................................ 4

       ANY CLAIMS ARISING UNDER THE FIFTH, EIGHTH OR FOURTEENTH
       AMENDMENTS FAIL AS A MATTER OF LAW ............................................................ 4

          A.  Plaintiff Cannot Proceed on Fifth, Eighth and
              Fourteenth Amendment Claims Against the City of
              New York and "John Doe" Defendants. ............................................................ 4

              1.   City of New York ................................................................................ 4

              2.   "John Doe" Defendants ....................................................................... 6

        B.  Fifth Amendment. ................................................................................................ 6

        C.  Eighth Amendment. ............................................................................................. 8

        D.  Fourteenth Amendment. ..................................................................................... 10

              1.   Substantive Due Process Claims ...................................................... 11

              2.   Procedural Due Process Claims ....................................................... 12

              3.   Equal Protection Claims .................................................................... 13

CONCLUSION ..................................................................................................................... 15

DECLARATION OF SERVICE BY MAIL ......................................................................... iv

## TABLE OF AUTHORITIES

**Cases**                                                                                  **Pages**

Abascal v. Bellamy,
    No. 10 Civ. 1406 (LTS) (AJP), 2011 U.S. Dist. LEXIS 62105 (S.D.N.Y. June 8,
    2011) ....................................................................................................................11, 12, 14

Anilao v. Spota,
    774 F. Supp. 2d 457 (E.D.N.Y. 2011) ....................................................................7

Breithaupt v. Abram,
    352 U.S. 432 (1957)................................................................................................9

Bryant v. City of New York,
    404 F.3d 128 (2d Cir. 2005)..................................................................................10

Caoizzo v. Koreman,
    581 F.3d 63 (2d Cir. 2009)......................................................................................9

Carrow v. City of New York,
    No. 06 Civ. 1436 (LTS) (JCF), 2010 U.S. Dist. LEXIS 25702 (S.D.N.Y. Mar. 17,
    2010) ........................................................................................................................6

City of New Orleans v. Dukes,
    427 U.S. 297 (1976)..............................................................................................14

County of Sacramento v. Lewis,
    523 U.S. 833 (1998)..............................................................................................11

Cuoco v. Moritsugu,
    222 F.3d 99 (2d Cir. 2000).....................................................................................9

Econ. Opportunity Comm'n v. County of Nassau, Inc.,
    47 F. Supp. 2d 353 (E.D.N.Y. 1999) .....................................................................5

Felmine v. City of New York,
    09-CV-3768 (CBA) (LB), 2011 U.S. Dist. LEXIS 111553 (E.D.N.Y. Sept. 29, 2011)....11, 12

Harlen Assocs. v. Inc. Village of Mineola,
    273 F.3d 494 (2d Cir. 2001).................................................................................14

Lowrance v. Achtyl,
    20 F.3d 529 (2d Cir. 1994)...................................................................................11

Monell v. Department of Social Services,
    436 U.S. 658, 691 (1978)..................................................................................5

Oklahoma City v. Tuttle,
    471 U.S. 808 (1985)........................................................................................5

Ortiz v. New York City Hous. Auth.,
    09-CV-1280 (SLT) (LB), 2011 U.S. Dist. LEXIS 114801 (E.D.N.Y. Sept. 30, 2011)..........10

Rhodes v. Chapman,
    452 U.S. 337 (1981)........................................................................................9

Rosenberg v. City of New York,
    09-CV-4016 (CBA) (LB), 2011 U.S. Dist. LEXIS 112818 (E.D.N.Y. Sept. 30, 2011)....10, 14

Schmerber v. State of California,
    384 U.S. 757 (1966).............................................................................7, 8, 11

Segal v. City of New York,
    459 F.3d 207 (2d Cir. 2006)............................................................................5

United States v. Walsh,
    197 F.3d 37 (2d Cir. 1999)..............................................................................9

Vippolis v. Village of Haverstraw,
    768 F.2d 4 (2d Cir. 1985), cert denied, 480 U.S. 916 (1987) .................................5

Wright v. Goord,
    554 F.3d 255 (2d Cir. 2009)............................................................................9

Wright v. New York City,
    09 Civ. 2452 (CBA) (LB), 2011 U.S. Dist. LEXIS 111542 (E.D.N.Y. Sept. 29, 2011) .......2, 4

Yusov v. Martinez,
    00 Civ. 5577 (NRB), 2000 U.S. Dist. LEXIS 15528
    (S.D.N.Y. Oct. 23, 2000) ..............................................................8, 9, 11, 12, 13

Zahrey v. City of New York,
    Civil Action No. 98-4546 (DCP) (JCF), 2009 U.S. Dist. LEXIS 31893 (S.D.N.Y. Apr. 14,
    2009) ...............................................................................................11-12

## Statutes/Constitutional Amendments

U.S. Const. amend. 4 .........................................................................1, 2, 12, 14

U.S. Const. amend. 5 .....................................................................2, 4, 5, 6, 7, 8, 15

U.S. Const. amend. 8 ...................................................................2, 4, 5, 6, 8, 9, 10, 15

U.S. Const. amend. 9 ...................................................................................................2

U.S. Const. amend. 10 .................................................................................................2

U.S. Const. amend. 14 ....................................................2, 4, 5, 6, 9, 10, 11, 13, 15

N.Y. Executive Law § 995..............................................................................6, 12, 13

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

09 CV 2452 (CBA) (LB)

EARL WRIGHT,

Plaintiff,

-against-

NEW YORK CITY, NEW YORK CITY POLICE
DEPARTMENT, POLICE OFFICER DAVID H.
MILLER, JOHN DOE #2, POLICE OFFICER N.Y.C.
P.D.,

Defendants.

------------------------------------------------------------------------ x

## DEFENDANTS' SUPPLEMENTAL MOTION IN FURTHER SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT

### PRELIMINARY STATEMENT

Plaintiff Earl Wright, appearing *pro se*, brings this action pursuant to 42 U.S.C. § 1983, alleging deprivations of his federal constitutional rights.  Specifically, plaintiff claims that on August 27, 2007, his DNA was unconstitutionally obtained.

Defendants City of New York and David H. Miller, through their attorney, Michael A. Cardozo, Corporation Counsel for the City of New York, moved for summary judgment on November 22, 2010, on the grounds that: (1) plaintiff failed to allege a violation of his Fourth Amendment rights; (2) defendant Miller is entitled to qualified immunity; (3) plaintiff could not seek damages related to his prosecution and incarceration; (4) to the extent plaintiff alleged a municipal liability claim against defendant City of New York, any such claim failed as a matter of law; and (5) any state law claims were barred.  (See Court's Civil Docket Sheet, at Docket Entry Nos. 45, 50-55).  On July 25, 2011, the Honorable Lois Bloom issued a Report and

Recommendation ("R&R") which recommended that defendants' motion for summary judgment be granted, in part. (See Report and Recommendation from the Honorable Lois Bloom, dated July 25, 2011 ("R&R"), annexed to the Court's Civil Docket Sheet, at Docket Entry No. 58, generally). The R&R further recommended that the Court dismiss any claims arising under the Fifth, Eighth, Ninth, Tenth and Fourteenth Amendments of the United States Constitution pursuant to Fed. R. Civ. P. 56(f), but that plaintiff be given thirty (30) days to offer evidence in support of these claims. (R&R, Court's Civil Docket Sheet, Docket Entry No. 58, at p. 15-16).

Over plaintiff's objections to the R&R, this Court adopted Judge Bloom's recommendations that the individual defendant, David H. Miller, be granted qualified immunity, that plaintiff's claim for damages be dismissed, and that any municipal liability claim failed as a matter of law. Wright v. New York City, 09 Civ. 2452 (CBA) (LB), 2011 U.S. Dist. LEXIS 111542, *2-8 (E.D.N.Y, Sept. 29, 2011). In addition, this Court held that any Fourth Amendment claims against the New York City Police Department or "John Doe" officers should be dismissed, as should any claims arising under the Ninth and Tenth Amendments. Id. at *8-9. This Court, however, declined to grant summary judgment pursuant to Fed. R. Civ. P. 56(f) on the claims purportedly arising under the Fifth, Eighth and Fourteenth Amendments, and ordered the parties to submit supplemental briefing regarding same. Id. at *9-10. Defendants submit the instant memorandum of law respectfully requesting that the Court grant summary judgment on the following grounds: (1) plaintiff cannot proceed against the City of New York or any "John Doe" defendants on claims arising under the Fifth, Eighth and Fourteenth Amendments; (2) any Fifth Amendment claims fail as a matter of law; (3) any Eighth Amendment claims fail as a matter of law; and (4) any Fourteenth Amendment claims fail as a matter of law.

## STATEMENT OF FACTS

For a complete statement of facts, defendants respectfully refer the Court to Defendants' Local Civil Rule 56.1 Statement of Undisputed Facts, dated November 22, 2010, ("56.1 Statement"), which was previously submitted to the Court.

## STANDARD OF REVIEW

Under Rule 56(c), summary judgment is warranted when, viewing the evidence in the light most favorable to the non-movant, the Court determines that there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. See Eastman Kodak Co. v. Image Tech. Servs., Inc., 504 U.S. 451, 457 (1992). A motion for summary judgment requires the party with the burden of proof at trial to "make a showing sufficient to establish the existence of an element essential to that party's case...since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). Hence, plaintiff must produce evidence to support his case and "may not rely simply on conclusory statements or on contentions that the affidavits supporting the motion are not credible." Ying Jing Gan v. City of New York, 996 F.2d 522, 532 (2d Cir. 1993). Further, evidence that is "merely colorable or not significantly probative" is insufficient to defeat a motion for summary judgment. Lane Capital Mgmt., Inc. v. Lane Capital Mgmt., Inc., 192 F.3d 337, 346 (2d Cir. 1999).

## ARGUMENT

## POINT I

## ANY CLAIMS ARISING UNDER THE FIFTH, EIGHTH AND FOURTEENTH AMENDMENTS FAIL AS A MATTER OF LAW

To the extent the Court finds that plaintiff has sufficiently pleaded claims arising under the Fifth, Eighth and Fourteenth Amendments, any such claims should be dismissed as they fail as a matter of law.

**A.   Plaintiff Cannot Proceed on Fifth, Eighth and Fourteenth Amendment Claims Against the City of New York and "John Doe" Defendants.**

**1.   City of New York**

To the extent plaintiff purports to proceed against the City of New York on claims arising under the Fifth, Eighth and Fourteenth Amendment, any such claims must fail as a matter of law.  As a starting point, plaintiff's municipal liability claim in the instant action was premised on the theory that his DNA was improperly taken as a result of an "official policy or custom, namely a New York Police Department Interim Order...which prescribes certain procedures for indentifying offenders from which to take a DNA sample."  Wright v. New York City, 2011 U.S. Dist. LEXIS 111542, *7.  The Court granted summary judgment to defendants on this claim, finding that plaintiff "cannot state a claim for municipal liability," as he could not prove that the purported violation of his constitutional rights was a result of a policy or custom of defendant City.  Id. at *7-8.

Even if the Court were to liberally construe the amended complaint as alleging municipal liability premised on claims arising under the Fifth, Eighth and Fourteenth Amendments, plaintiff similarly cannot state a claim alleging that those rights were violated as a result of a custom or policy of defendant City.

In order to establish municipal liability, plaintiff must establish the "existence of a municipal policy or custom" as well as "a causal connection – an 'affirmative link – between the policy and deprivation of his constitutional rights.'" Vippolis v. Village of Haverstraw, 768 F.2d 40, 44 (2d Cir. 1985), cert denied, 480 U.S. 916 (1987) (citing Oklahoma City v. Tuttle, 471 U.S. 808, 824 n.8 (1985)).  Here, plaintiff has failed to proffer evidence that *any* policy or custom of defendant City caused the purported violations of his constitutional rights under the Fifth, Eighth and Fourteenth Amendment.  Where a plaintiff fails to proffer "any facts in support of the conclusory allegation that the defendants' conduct amounts to a custom or policy, or that this custom or policy caused the plaintiffs' injuries," a municipal liability claim should be dismissed. Econ. Opportunity Comm'n v. County of Nassau, Inc., 47 F. Supp. 2d 353, 370 (E.D.N.Y. 1999).

Moreover, to the extent that plaintiff is alleging that the conduct of defendant Miller or a "John Doe" rises to the level of municipal liability, this claim cannot survive summary judgment.  It is firmly established that "a municipality cannot be held liable *solely* because it employs a tortfeasor – or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superio*r theory." Monell v. Department of Social Services, 436 U.S. 658, 691 (1978) (emphasis in original).

Lastly, as set forth in Points B, C and D, *infra*, as plaintiff cannot establish that his constitutional rights were violated under the Fifth, Eighth and Fourteenth Amendments, any municipal liability claim must be dismissed.  See Segal v. City of New York, 459 F.3d 207, 219 (2d Cir. 2006) (recognizing that a Monell claim is only cognizable where there is an underlying constitutional violation).

### 2.    "John Doe" Defendants

To the extent plaintiff seeks to proceed with Fifth, Eighth and Fourteenth Amendment claims against "John Doe" defendants, plaintiff should be barred from doing so as no such individuals were served with process and, thus, the "John Doe" defendants cannot be parties to this action.  See Carrow v. City of New York, No. 06 Civ. 1436 (LTS) (JCF), 2010 U.S. Dist. LEXIS 25702, *2-3 (S.D.N.Y. Mar. 17, 2010) (dismissing claims without prejudice where plaintiff failed to identify or serve with process "John Doe" officers).  Moreover, even to the extent that plaintiff could have proceeded against these "John Doe" defendants, the Fifth, Eighth and Fourteenth Amendment claims alleged against them would still fail for the same reasons they fail against defendant Miller.  See Points B, C, D, *infra*.

### B.    Fifth Amendment

Any claim arising under the Fifth Amendment should be dismissed as a matter of law.  The Fifth Amendment provides, in pertinent part, that "[n]o person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury...nor shall any person be subject for the same offence to be twice put in jeopardy of life or limb...nor shall be compelled in any criminal case to be a witness against himself, nor be deprived of life, liberty, or property, without due process of law."[1]  U.S. Const. amend. 5.  In the amended complaint, plaintiff alleges that "[t]he DNA sample taken in 2007 was taken in violation of [the] 4th, 5th, 8th, 9th, 10th, and 14th Amendments to the constitution," because this taking violated N.Y. Executive Law § 995.  (Amended Complaint, filed on October 13, 2009,

---

[1] To the extent plaintiff claims that his due process rights were violated because he was told that there was a court order for the taking of his DNA but he "was [not] shown [a] Court order," (Amended Complaint, Myerberg Decl., Exh. B, ¶ D), the merits of such a claim is discussed in § (D)(2), *infra*.

annexed to the Declaration of Andrew Myerberg, dated November 22, 2010 ("Myerberg Decl."), Exhibit ("Exh.") "B," ¶ D).

While it is not clear what relief plaintiff is seeking under the Fifth Amendment, any claim arising under the Fifth Amendment should be dismissed as a matter of law.  First, it is undisputed that plaintiff testified before the Grand Jury concerning the charges of rape, robbery and burglary filed against him and was indicted by same.  (See Court Order, Queens County Supreme Court, dated August 10, 2009 ("Court Order"), Exh. "C," at pp. 1, 6).  Therefore, before plaintiff was held to answer for these crimes, there was a presentment *and* indictment by a Grand Jury.

Second, plaintiff does not argue, either in the amended complaint or in his opposition papers, that he was subjected to double jeopardy as a result of the taking of his DNA.  (See Amended Complaint, Myerberg Decl., Exh. B, generally; see Plaintiff['s] Memorandum of Law, dated January 18, 2011, annexed to the Court's Civil Docket Sheet, at Docket Entry No. 48, generally).  Therefore, such a claims is not part of this litigation, nor can such a claim be brought against defendant Miller, a police officer, as it would be properly brought against an assistant district attorney.  See, e.g., Anilao v. Spota, 774 F. Supp. 2d 457, 488-90 (E.D.N.Y. 2011).

Third, with respect to whether plaintiff was compelled to act as a witness against himself, in Schmerber v. State of California, 384 U.S. 757 (1966), the United States Supreme Court evaluated the question of "whether the withdrawal of blood and admission in evidence of the analysis [of the blood sample]…violate[s]" the Fifth Amendment's protection against self-incrimination.  Schmerber, 384 U.S. at 761.  The Schmerber Court reasoned that "[n]ot even a shadow of testimonial compulsion upon or enforced communication by the accused was involved

either in the extraction [of the blood sample] or in the chemical analysis." Id. at 765.  Further, the Schmerber Court noted that the individual's "testimonial capacities were in no way implicated" as the test in question "depend[s] on chemical analysis and on that alone."  Id.  As such, the Supreme Court held that the extraction and chemical analysis of the blood sample, "although an incriminating product of compulsion, was neither petitioner's testimony nor evidence relating to some communicative act or writing by the petitioner."  Id.

While Schmerber dealt with the extraction of blood from a criminal suspect to determine blood-alcohol content, courts in this Circuit have extended the reasoning of Schmerber to equally apply to the taking of DNA by buccal swab.  See Yusov v. Martinez, 00 Civ. 5577 (NRB), 2000 U.S. Dist. LEXIS 15528, *15-16 (S.D.N.Y. Oct. 23, 2000).   In Yusov, the court found that any challenge to a buccal swab for DNA on Fifth Amendment grounds failed "because the privilege does not apply where, as here, the DNA sample being sought is not 'testimonial or communicative in nature.'"  Yusov, 2000 U.S. Dist. LEXIS 15528, *16 (citing Schmerber, 384 U.S. at 765).  The facts in the instant case are analogous to those in Yusov. Here, plaintiff has not alleged any facts to support a Fifth Amendment violation.  However, to the extent the Court interprets plaintiff's allegation to be that the taking of his DNA was self-incriminating under the Fifth Amendment, pursuant to Yusov and Schmerber any such challenge should fail as a matter of law and summary judgment should be granted to defendants.

## C.    Eighth Amendment

Similarly, there is no basis, as a matter of law, for an Eighth Amendment claim based on the taking of plaintiff's DNA by buccal swab.  The Eighth Amendment provides that "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted."  U.S. Const. amend. 8.  Where a plaintiff who is a prisoner claims that he

has been subjected to excessive force, "the source of the ban against such force is the Eighth Amendment's ban on cruel and unusual punishments." Wright v. Goord, 554 F.3d 255, 268 (2d Cir. 2009). However, where the plaintiff is a pretrial detainee, the Eighth Amendment is inapplicable; instead, the plaintiff must seek relief under the Due Process Clause of the Fourteenth Amendment. United States v. Walsh, 197 F.3d 37, 47 (2d Cir. 1999). At the time plaintiff's DNA was taken on August 27, 2007, plaintiff was a pre-trial detainee. (See Amended Complaint, Myerberg Decl., Exh. B, ¶ D). Thus, the "cruel and unusual punishment" provision of the Eighth Amendment is inapplicable to plaintiff "because as a pre-trial detainee [the plaintiff is] not being 'punished'" as a matter of law. Caoizzo v. Koreman, 581 F.3d 63, 69 (2d Cir. 2009) (citing Cuoco v. Moritsugu, 222 F.3d 99, 106 (2d Cir. 2000)). Accordingly, any Eighth Amendment claim based upon the taking of plaintiff's DNA should be barred as a matter of law.[2]

Moreover, to the extent the Court were to even consider this claim on the merits, any such claim still fails. "The Eighth Amendment prohibits the 'unnecessary and wanton infliction of pain' as well as 'barbarous physical punishments.'" Yusov, 2000 U.S. Dist. LEXIS 15528, *16 (citing Rhodes v. Chapman, 452 U.S. 337, 345-46 (1981)). The Supreme Court has found that 'blood tests 'would not be considered offensive even by the most delicate.'" Id. at *17 (citing Breithaupt v. Abram, 352 U.S. 432, 436 (1957)). Courts in this District have applied the Supreme Court's logic to buccal swabs for DNA, reasoning that buccal swabs "cannot be deemed cruel and unusual punishment." Id. The undisputed facts of this case further inform this finding. Plaintiff testified at his deposition that he, not a police officer, swabbed his own cheek

---

[2] While plaintiff, as a pretrial detainee, cannot avail himself of the Eighth Amendment, the Second Circuit has held that an excessive force claim brought by a pretrial detainee under the Fourteenth Amendment, is subjected to the same standard as an excessive force claim brought by a sentenced inmate pursuant to the Eighth Amendment. Walsh, 195 F.3d at 47. An analysis of plaintiff's claim under the Due Process Clause of the Fourteenth Amendment is set forth in § (D)(1), infra.

for DNA (Transcript of the Deposition of Earl Wright, taken on July 30, 2010, ("Plaintiff's Dep."), Myerberg Decl., Exh. "A," p. 36, lns. 13-14), that the process took only minutes (Plaintiff's Dep., Myerberg Decl., Exh. A, p. 37, lns. 1-2), and that he suffered no physical injuries as a result of the swabbing.  (Plaintiff's Dep., Myerberg Decl., Exh. A, p. 52, ln. 25 – p. 53, ln. 6).  This could hardly be considered "unnecessary and wanton infliction of pain," and certainly does not rise to the level of "cruel and unusual punishment."  Accordingly, plaintiff cannot establish that his Eighth Amendment rights were violated as a matter of law.

**D.     Fourteenth Amendment**

        To the extent plaintiff is alleging that the taking of his DNA violated the Fourteenth Amendment, any such claim is meritless.  The Fourteenth Amendment provides, in pertinent parts, that "[n]o state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."  U.S. Const. amend. 14, § 1.  The three abovementioned rights under the Fourteenth Amendment have been construed as separate causes of action, namely substantive due process, see, e.g., Bryant v. City of New York, 404 F.3d 128, 135-36 (2d Cir. 2005), procedural due process, see, e.g., Ortiz v. New York City Hous. Auth., 09-CV-1280 (SLT) (LB), 2011 U.S. Dist. LEXIS 114801, *31 (E.D.N.Y. Sept. 30, 2011), and equal protection.  See, e.g., Rosenberg v. City of New York, 09-CV-4016 (CBA) (LB), 2011 U.S. Dist. LEXIS 112818, *27-28 (E.D.N.Y. Sept. 30, 2011).  None of these claims are pled with any specificity in the amended complaint.  (See Amended Complaint, Myerberg Decl., Exh. B, generally).  However, even if plaintiff properly alleged facts to support these causes of action, each such claim would still fail as a matter of law.

1.      **Substantive Due Process Claim**

"'Substantive due process protects individuals against government action that is arbitrary, conscience-shocking, or oppressive in a constitutional sense, but not against government action that is incorrect or ill-advised.'" Abascal v. Bellamy, No. 10 Civ. 1406 (LTS) (AJP), 2011 U.S. Dist. LEXIS 62105, *11 (S.D.N.Y. June 8, 2011) (citing Lowrance v. Achtyl, 20 F.3d 529, 537 (2d Cir. 1994)).  Courts that have evaluated a force claim premised on the taking of DNA from a pre-trial detainee have applied the Fourteenth Amendment Substantive Due Process Clause in finding that no such claim may lie.  See Abascal, 2011 U.S. Dist. LEXIS 62105, *12.

In Schmerber, the Supreme Court held that where a blood sample was extracted "in a simple, medically acceptable manner," no claim under the Due Process Clause could lie. Schmerber, 384 U.S. at 759-60.  Courts in this Circuit have extended Schmerber to buccal swabs for DNA, holding that "[t]he involuntary collection of DNA via a buccal swabbing is far less invasive than drawing a blood sample and thus does not violate the Due Process Clause." Abascal, 2011 U.S. Dist. LEXIS 62105, *12; see Yusov, 2000 U.S. Dist. LEXIS 15528, *5 (no due process claim found where plaintiff was subjected to buccal swab).

Moreover, "'[w]here a particular Amendment provides an explicit textual source of constitutional protection against a particular source of government behavior, that Amendment, not the generalized notion of substantive due process, must be the guide for analyzing these claims.'"  Felmine, v. City of New York, 09-CV-3768 (CBA) (LB), 2011 U.S. Dist. LEXIS 111553, *66-67 (E.D.N.Y. Sept. 29, 2011) (citing County of Sacramento v. Lewis, 523 U.S. 833, 842 (1998)); see Zahrey v. City of New York, Civil Action No. 98-4546 (DCP) (JCF), 2009 U.S. Dist. LEXIS 31893, *33-35 (S.D.N.Y. Apr. 14, 2009) (dismissing substantive due process claim

where allegations centered on rights protected by other Amendments).  In the instant case, the constitutional right that was purportedly violated is the Fourth Amendment's proscription against unlawful searches and seizures.[3]   Where a plaintiff, as here, "presents no facts or case law indicating that [the alleged substantive due process claim] should be analyzed separately from the more specific constitutional violations alleged above," any purported substantive due process claim must be dismissed.  Felmine, 2011 U.S. Dist. LEXIS 111553, *66-67.

Accordingly, to the extent plaintiff claims that the taking of his DNA by buccal swab on August 27, 2007 violated his substantive due process rights, any such claim should be dismissed as a matter of law.

### 2.    Procedural Due Process Claim

To the extent that plaintiff claims that he was subjected to the taking of his DNA pursuant to N.Y. Executive Law § 995 without procedural due process, this claim also fails. Generally, when evaluating a procedural due process claim, a court must evaluate "(1) whether a claimant possessed a liberty or property interest and, if so, (2) what process the claimant was due before he could be deprived of that interest."  Abascal, 2011 U.S. Dist. LEXIS 62105, *8. However, in the case where, as here, a plaintiff is challenging the "acquisition or retention of his DNA sample," any procedural due process claim must fail because "'[w]hen the legislature passes a law which affects a general class of persons, those persons have all received procedural due process – the legislative process.'"  Id. (citing Yusov, 2000 U.S. Dist. LEXIS 15528, *4). As such, courts in the Circuit have dismissed procedural due process challenges against the application of N.Y. Executive Law § 995.  See Yusov, 2000 U.S. Dist. LEXIS 15528, *14-15.

---

[3] Defendants respectfully note that the Court dismissed plaintiff's Fourth Amendment claim on summary judgment.  See Wright v. New York City, 2011 U.S. Dist. LEXIS 111542, *10.

Moreover, regarding the retention of his DNA sample, "[t]he proper remedy regarding the improper collection of [plaintiff's] DNA sample for inclusion in the State database is expungement, pursuant to Executive Law section 995-c(9)." (Court Order, Myerberg Decl., Exh. C, at p. 5). However, as of 2010, and, upon information and belief, to date, plaintiff has failed to avail himself of this process. (Plaintiff's Dep., Myerberg Decl., Exh. A, p. 47, lns. 1-7; p. 49, lns. 13-14). Accordingly, any claim that plaintiff was denied due process with regards to the retention of his DNA sample should be denied.

Lastly, to the extent plaintiff claims that his due process rights were violated because he was told that there was a court order for the taking of his DNA but he "was [not] shown [a] Court order," (Amended Complaint, Myerberg Decl., Exh. B, ¶ D), any such claim is meritless. N.Y. Executive Law § 995 does not mandate that a court order is required for the taking of DNA. See N.Y. Executive Law §995-c. Thus, even if plaintiff's allegations were true, any claim that he was deprived of procedural due process because defendant Miller, in fact, did not have a court order still fails as a matter of law.

As such, defendants should be granted summary judgment on any procedural due process claim asserted by plaintiff.[4]

### 3.    Equal Protection Claim

Lastly, while no facts are pled to support such a claim, even if plaintiff did properly allege an equal protection claim, any such claim is meritless. "The Equal Protection Clause of the Fourteenth Amendment guarantees '[the] right to be free from invidious

---

[4] To the extent plaintiff's procedural due process claim was brought under the Fifth Amendment, it fails for the same reasons as his claim under the Fourteenth Amendment. See, e.g., Yusov, 2000 U.S. Dist. LEXIS 15528, *14-15 (evaluating together and dismissing Fifth Amendment and Fourteenth Amendment procedural due process claims against application of N.Y. Executive Law § 995).

discrimination in statutory classifications and other governmental activity.'"  Rosenberg, 2011 U.S. Dist. LEXIS 112818, *27 (internal citations and quotations omitted).  To ensure this goal, the Equal Protection Clause essentially "'requires that the government treat all similarly situated people alike.'"  Id. at *27 (citing Harlen Assocs. v. Inc. Village of Mineola, 273 F.3d 494, 499 (2d Cir. 2001)).  Thus, to prove that his equal protection rights were violated, plaintiff must establish "two essential elements: (1) the plaintiff was treated differently than others similarly situated; and (2) this differential treatment was motivated by an intent to discriminate on the basis of impermissible considerations, such as race or religion, to punish or inhibit the exercise of constitutional rights, or by a malicious or bad faith intent to injure the person."  Id. at *27-28 (internal quotations and citations omitted).  However, "'[u]nless a classification trammels fundamental personal rights or is drawn upon inherently suspect distinctions such as race, religion or alienage,' a court should presume that the distinction made is constitutional as long as it is 'rationally related to a legitimate state interest.'"  Abascal, 2011 U.S. Dist. LEXIS 62105, *12-13 (citing City of New Orleans v. Dukes, 427 U.S. 297, 303 (1976)).

In the instant case, plaintiff claims that his DNA was taken via buccal swab in violation of the Fourth Amendment.  However, plaintiff fails to plead that  he was treated differently than other similarly situated individuals, let alone that any alleged disparate treatment was based on some illegitimate factor.  (see Amended Complaint, Myerberg Decl., Exh. B, generally).  Plaintiff similarly fails to proffer any proof of same.  As plaintiff has not established the "essential elements" of equal protection, summary judgment should be granted to defendants.

## CONCLUSION

For the foregoing reasons, defendants City of New York and Miller respectfully request that the Court grant their motion for summary judgment on any claims arising under the

Fifth, Eighth and Fourteenth Amendments, with prejudice, together with such costs, fees and other and further relief as the Court deems just and proper.

Dated:          New York, New York
                October 28, 2011

                                        MICHAEL A. CARDOZO
                                        Corporation Counsel of the
                                          City of New York
                                        *Attorney for Defendants*
                                        100 Church Street, Room 3-135
                                        New York, New York 10007
                                        (212) 788-0869

                            By:         _____
                                        Andrew Myerberg
                                        Assistant Corporation Counsel
                                        Special Federal Litigation Division

TO:     Earl Wright (By First Class Mail)
        *Plaintiff Pro Se*
        # 10-A-3977
        Clinton Correctional Facility
        P.O. Box 2001
        Dannemora, New York 12929

## DECLARATION OF SERVICE BY MAIL

I, ANDREW MYERBERG, declare, pursuant to 28 U.S.C. § 1746, under penalty of perjury that on October 28, 2011, I served the annexed DEFENDANTS' SUPPLEMENTAL BRIEFING IN FURTHER SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT, upon the following plaintiff *pro se* by depositing a copy of same, enclosed in a first class postpaid properly addressed wrapper, in a post office depository under the exclusive care and custody of the United States Postal Service, within the State of New York, directed to said plaintiff *pro se* at the address set forth below, being the address designated by plaintiff *pro se* for that purpose:

Earl Wright
# 10-A-3977
Clinton Correctional Facility
P.O. Box 2001
Dannemora, NY 12929

Dated:     New York, New York
           October 28, 2011


_____
ANDREW MYERBERG
ASSISTANT CORPORATION COUNSEL
SPECIAL FEDERAL LITIGATION

v