UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------X

EARL WRIGHT,

                       Plaintiff,

     -against-

NEW YORK CITY, NEW YORK CITY POLICE
DEPARTMENT, POLICE OFFICER DAVID H.
MILLER, JOHN DOE #2, POLICE OFFICER
N.Y.C. P.D.,

                      Defendants.

-------------------------------------------------------X

NOT FOR PUBLICATION
**MEMORANDUM & ORDER**
09-cv-2452 (CBA) (LB)

**AMON, Chief United States District Judge**.

## INTRODUCTION

On September 30, 2011, the Court adopted the Report and Recommendation of Magistrate Judge Lois Bloom in the above-captioned case, granting in part defendants' motion for summary judgment. Specifically, the Court granted summary judgment as to *pro se* plaintiff Earl Wright's Fourth Amendment claims, and dismissed on its own motion all claims against the New York City Police Department and all claims under the Ninth and Tenth Amendments. The Court further ordered the parties to submit additional briefing with respect to Wright's claims under the Fifth, Eighth, and Fourteenth Amendments, which defendant had not addressed. Now before the Court is defendants' fully-briefed supplemental motion for summary judgment. For the reasons stated below, the motion is granted.

## BACKGROUND

Wright claims that in 2007 defendants violated his constitutional rights by taking a sample of his DNA with a buccal swab. The sample was taken pursuant to N.Y. Exec. Law § 995, *et seq*,

which mandates the collection of samples from offenders who have been convicted of certain crimes. It appears from the evidence produced during discovery that the officers who took the sample relied on Wright's rap sheet in concluding that Wright had been convicted of second-degree robbery, a qualifying offense under the statute. As it turned out, the rap sheet failed to reflect a reduction of Wright's second-degree robbery conviction to third-degree robbery, which was not a qualifying offense. These basic facts form the basis for Wright's suit. A more-detailed explanation of these facts, familiarity with which is assumed, is set forth in the Magistrate Judge's Report and Recommendation of July 25, 2011.

## DISCUSSION

*I. Standard of Review*

Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *accord Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Belfi v. Prendergast*, 191 F.3d 129, 135 (2d Cir. 1999). The court's function is not to resolve disputed issues of fact, but only to determine whether there is a genuine issue to be tried. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

The court is required to view the evidence in the light most favorable to the nonmoving party. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). Nevertheless, the non-moving party cannot rest on mere allegations or denials but must instead set forth specific facts showing there is a genuine issue for trial. Fed. R. Civ. P. 56(e); *Nat'l Westminster Bank USA v. Ross*, 676 F. Supp. 48, 51 (S.D.N.Y. 1987) ("[S]peculation, conclusory allegations, and mere denials are not enough to raise genuine issues of fact."). No genuine issue exists unless there is sufficient

evidence favoring the nonmoving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted. *Anderson*, 477 U.S. at 249-50 (citations omitted).

## II. Motion for Summary Judgment

Construing Wright's *pro se* complaint liberally, as it must, the Court identifies his remaining claims as alleging (1) violation of his Fifth and Fourteenth Amendment rights to procedural and substantive due process, (2) his Eighth Amendment right against cruel and unusual punishment and his Fourteenth Amendment right against excessive force; and (3) his Fourteenth Amendment right to equal protection of the laws. Defendants move for summary judgment on the grounds that Wright has failed to establish a constitutional violation.

### A. Due Process Claims

#### i. Procedural Due Process

Wright does not appear to challenge the enactment of N.Y. Exec. Law § 995 as a violation of due process. If he did, such a claim would fail because "[w]hen the legislature passes a law which affects a general class of persons, those persons have all received procedural due process—the legislative process." *Yusov v. Martinez*, No. 00-cv-5577, 2000 WL 1593387, *4 (S.D.N.Y. Oct. 24, 2000) (internal citation omitted). Other courts in this Circuit have rejected challenges to § 995 on this basis. *See id.*; *Abascal v. Bellamy*, No. 10-cv-1406, 2011 WL 2436931, *3 (S.D.N.Y. Jun. 8, 2011). Accordingly, the Court construes Wright's procedural due process claim as a challenge to what he alleges was the erroneous application of § 995 to him.

Wright's claim is, in essence, a challenge to a "random, unauthorized act[] by state employees." *Hellenic Am. Neighborhood Action Comm. v. City of N.Y.*, 101 F.3d 877, 880 (2d Cir. 1996). In such cases, "the Due Process Clause of the Fourteenth Amendment is not violated

3

when a state employee intentionally deprives an individual of property or liberty, so long as the State provides a meaningful postdeprivation remedy." *Id.* (citing *Hudson v. Palmer*, 468 U.S. 517, 531, 533 (1984)). As defendants point out, N.Y. Exec. Law § 995-c(9) provides a mechanism through which a DNA record can be expunged. In addition, an Article 78 proceeding— which the Second Circuit has "held on numerous occasions [to be] a perfectly adequate postdeprivation remedy," *Hellenic Am.*, 101 F.3d at 881—represents another means by which a claimant may challenge the operation of § 995 or seek expungement of data from state records. *See, e.g. Abascal*, 2011 WL 2436931 at *4 (holding an Article 78 proceeding directing defendants to expunge DNA records a meaningful post-deprivation remedy); *Gallo v. Pataki*, 831 N.Y.S.2d 896 (Sup. Ct. Kings. Cty. 2007) (Article 78 proceeding addressing challenge to the operation of § 995). Wright has not argued to the contrary. Because Wright was provided adequate postdeprivation remedies, his procedural due process claim fails.

### ii. Substantive Due Process

Any attempt to advance a substantive due process claim also fails. "Substantive due process protects individuals against government action that is arbitrary, conscience-shocking, or oppressive in a constitutional sense, but not against government action that is incorrect or ill-advised." *Lawrence v. Achtyl*, 20 F.3d 529, 537 (2d Cir. 1994) (internal citations and quotation marks omitted). As other courts have noted, the Supreme Court in *Schmerber v. California*, 384 U.S. 757, 759-60 (1966), held that "[t]he extraction of blood from an individual in a simple, medically acceptable manner does not implicate rights secured by the Due Process Clause." *Abascal*, 2011 WL 2436931 at *4. The less invasive act of obtaining a DNA sample with a buccal swab therefore also does not implicate those rights. *See id.*; *Yusov*, 2000 WL 1593387 at *5.

Because Wright's claims for violation of his procedural and substantive due process rights are both without merit, summary judgment is granted as to those claims.

## B. Excessive Force/Cruel and Unusual Punishment Claim

Wright challenges the act of taking his DNA sample with a buccal swab under the Eighth Amendment. As defendants point out, the Eighth Amendment does not apply "until after conviction and sentence." *United States v. Walsh*, 194 F.3d 37, 47 (2d Cir. 1999) (internal quotation marks omitted). And because Wright's sample was taken when he was a pretrial detainee for his August 2007 arrest, they argue, the Eighth Amendment does not apply. On the other hand, it is clear that the reason Wright was subjected to the DNA sampling was not the 2007 arrest for which he had not yet been tried, but his prior conviction for burglary. In any event, whether the Eighth Amendment applies is academic: "the right of pretrial detainees to be free from excessive force amounting to punishment is protected by the Due Process Clause of the Fourteenth Amendment," and the standard applied to such claims is identical to that applied to an Eighth Amendment claim. *Id.* at 47-48. The Court therefore applies this common standard.

To establish a claim in this context, a plaintiff must establish both an objective and a subjective element. *Id.* at 49-50. The objective element requires a showing that the force alleged was 'sufficiently serious or harmful enough" to be actionable. *Id.* at 50. This standard "excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." *Hudson v. McMillian*, 503 U.S. 1, 9-10 (1992) (internal quotation marks omitted). The subjective element "requires a showing that the defendant had the necessary level of culpability, shown by actions characterized by wantonness in light of the particular circumstances surrounding the challenged conduct." *Sims v. Artuz*, 230 F.3d 14, 21 (2d Cir. 2000) (internal quotation marks omitted).

5

Wright cannot satisfy either element. Use of a buccal swab to obtain a DNA sample is clearly *de minimis*, and it is in no way "repugnant to the conscience of mankind." *See Yusov*, 2000 WL 1593387, at *5. Nor is there any suggestion in the record that officers subjected Wright to the DNA sample in bad faith. Indeed, they did so pursuant to what they reasonably believed was explicit legal authorization. Wright has not argued to the contrary. Summary judgment is therefore granted with respect to his claims based on defendants' use of physical force against him, whether they are construed as arising under the Eighth or Fourteenth Amendment, or both.

### C. Equal Protection Claim

Finally, to the extent Wright advances a claim based upon the Equal Protection Clause of the Fourteenth Amendment, this claim is without merit. To establish such a claim, a plaintiff must show that "(1) [he], compared with others similarly situated, was selectively treated; and (2) that such selective treatment was based on impermissible considerations such as race, religion, intent to inhibit or punish the exercise of constitutional rights, or malicious or bad faith intent to injure a person." *Giordano v. City of N.Y.*, 274 F.3d 740, 750-51 (2d Cir. 2001). Wright has made no allegation, nor has he adduced any evidence, suggesting that he was treated differently than similarly-situated individuals. Accordingly, summary judgment is granted with respect to his equal protection claim.

### III. Wright's Motion to Reconsider

Wright's opposition to defendants' supplemental motion for summary judgment appears to request that the Court alter or amend its September 30, 2011 adoption of the Magistrate Judge's Report and Recommendation. To the extent Wright does seek such relief, his motion is denied. "[R]econsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be ex-

pected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). Wright has pointed to nothing satisfying the above criteria.

## CONCLUSION

For the reasons stated above, defendants' supplemental motion for summary judgment is GRANTED with respect to all remaining claims and defendants. The Clerk of Court is directed to enter judgment accordingly and to dismiss this case.

SO ORDERED.

Dated: September 14, 2012
Brooklyn, N.Y.

S/Chief Judge Amon

Carol Bagley Amon
Chief United States District Judge